■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS MATTHEW, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 26, 1973, convicting him of grand larceny in the second degree (47 counts) and grand larceny in the third degree (24 counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Each of the counts of which defendant was convicted involved his causing payment by the City of New York of Medicaid funds, originally payable to Interfaith Hospital of Queens, Inc., to Coleman Capital Corporation, as Interfaith's assignee, in satisfaction of a loan by Coleman to Interfaith for the acquisition by the Blue and White Bus Company of Watts, Inc., of a bus company in California and of another loan by Coleman to Freedom Village Realty Corporation, upon which defendant had made Interfaith liable as a guarantor, for the acquisition by Freedom Village of real property in New York. In connection with each loan agreement defendant acted on behalf of Interfaith as its executive director and as a personal guarantor, although he received neither a direct nor indirect interest in the property acquired. That defendant did not otherwise gain anything by reason of the loans, the acquisitions, or the repayment of the loans, was undisputed and, accordingly, the jury was so instructed. In the case of each loan, Interfaith acquired no interest in either Blue and White or Freedom Village, entities created in connection with the bus company and real property transactions. In its case-in-chief, the People failed to offer proof upon which the jury could have found that the payments by the city to Coleman of the Medicaid funds originally payable to Interfaith were payments by which defendant wrongfully obtained or appropriated Interfaith's property for the benefit of Blue and White or Freedom Village (see Penal Law, § 155.05, subds. 1, 2). No evidence was offered by the People to show that the repayment of the loans involved an application of those moneys for purposes unrelated to those of

Interfaith, which, at the time of the loans, was no longer a hospital but a health-related facility rendering care to narcotic addicts and the aged. More was required to prove the counts at bar than the People's arguable opinion concerning an appropriate corporate purpose for Interfaith as a health-related facility. Hence, defendant's motion to dismiss the counts in question should have been granted at the close of the People's case. Further, if it be assumed that the People proved that the use of Interfaith's Medicaid funds in repayment of the loans made by Coleman were expenditures beyond Interfaith's corporate powers, nevertheless a substantial reasonable doubt of defendant's criminal guilt persists. Not only did defendant gain nothing in consequence of the loan transactions, the People's proof showed that he personally guaranteed the loans, risks from which he could have anticipated no material profit, and that he engaged in the transactions openly and without any deceptive contrivance to distort their actual character. Had he undertaken larceny, he would not have formally agreed with Coleman to publicize it by means of a lien to be filed by Coleman with the city's comptroller; nor would he have consented either to Coleman's establishment of a collateral bank account on behalf of Interfaith for the distribution of Interfaith's Medicaid funds or to Coleman's sending of letters to the State and Federal Governments showing Coleman's distribution of Interfaith's Medicaid moneys from that account. In sum, there is not one fragment of testimonial or documentary evidence to suggest that defendant acted with a larcenous intent in the loan transactions. If we were not required to dismiss the indictment, we would grant a new trial because of substantial defects in the charge to the jury. It was reversible error to fail to instruct the jury that, in order to find defendant guilty, it must find that defendant had no right to use Interfaith's Medicaid funds in repayment of the loans (*People ex rel. Perkins* v. *Moss,* 187 N. Y. 410). It was also reversible error to instruct the jury that it was its function to say whether the Freedom Village transaction or, inferentially, the bus company transaction, was " a necessary hospital function ", while failing to charge that it was the People's burden to prove either that these alleged industrial clinics did not exist or that Interfaith's use of its moneys for their financing was not among its lawful corporate powers. Instead, the trial court instructed the jury that, if a share ownership by Interfaith in the corporations were proved, it must acquit; and refused to instruct the jury with respect to Interfaith's right to provide moneys for industrial clinics without receiving interests in them. Finally, were the verdict unassailable we would modify the judgment, in the exercise of discretion in the interest of justice, by imposing a sentence of probation or conditional discharge. Insofar as the judgment imposed sentences of imprisonment, it was excessive. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.